**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**ANTHONY JEROME EDWARDS**                                       **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 4:05CV130LN**

**LARRY GREER, ROBERT MOREY,**
**SHIRLEY R. ENTERKIN, FAYE NOEL,**
**CHRISTOPHER EPPS, SANDRA ATWOOD,**
**MICHELLE BOYD and AMY SIMMONS**                       **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 23rd day of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys John Clay and William Hammack. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff, Anthony J. Edwards, makes several complaints against the Defendants; however, the primary relief he seeks is to be reclassified and placed in protective custody in a facility operated by the Mississippi Department of

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Corrections. Edwards claims that he has been assaulted by officers at the East Mississippi Correctional Facility and that medical personnel failed to compete an injury report on the incident.

2. **DISCOVERY ISSUES and PENDING MOTIONS**

The Plaintiff signed a medical waiver in order that the attorney for the Defendants could acquire all of his medical records at the East Mississippi Correctional Facility. A copy of those records, as well as the Plaintiff's jail records, shall be served on the Plaintiff by March 17, 2006. Further, the Defendants should provide a copy of all reports made to officers or administrators of EMCF or MDOC regarding any allegations of assault on Edwards by guards at EMCF.

The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial. The records shall be admitted as a general exhibit. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff requested that the following witnesses, thought to be incarcerated in the custody of the MDOC, be brought to testify on his behalf at the trial of this matter:

1. Tavarchie Rankin, #87112
   East Mississippi Correctional Facility

2. Oscar Glasper, #28675
   East Mississippi Correctional Facility

The court orders that subpoenas *ad testificandum* issue for these persons for the trial of this cause, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for submitting motions in this matter is March 31, 2006, and the trial of this action will be held during the calendar that begins on July 17, 2006, and ends on July 31, 2006.

IT IS SO ORDERED, this the 31st day of January, 2006.

                                                S/Alfred G. Nicols, Jr.
                                        UNITED STATES MAGISTRATE JUDGE