IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANTHONY JEROME EDWARDS**                                       **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 4:05CV130LS**

**LARRY GREER, ROBERT MOREY,
SHIRLEY R. ENTERKIN, FAYE NOEL,
CHRISTOPHER EPPS, SANDRA ATWOOD,
MICHELLE BOYD and AMY SIMMONS**                        **DEFENDANTS**

## ORDER

This matter came before the court on two Motions filed by the Plaintiff, who is a prisoner in state custody attacking the conditions of his confinement pursuant to 42 U.S.C. § 1983. The Plaintiff, Anthony J. Edwards, claims that he has been assaulted by officers at the East Mississippi Correctional Facility and that medical personnel failed to compete an injury report on the incident. The primary relief he seeks is to be reclassified and placed in protective custody in a facility operated by the Mississippi Department of Corrections.

Edwards's first Motion seeks to amend his Complaint to add new Defendants, who are members of the Board of Directors of GEO Group, Inc., the corporation that operates EMCF. These directors are all Florida residents, and there is no indication that they were directly involved in any of the claims made by the Plaintiff. The law is clear that § 1983 liability may not be based upon a theory that a Defendant was liable in a supervisory capacity – known in the law as the theory of *respondeat superior*. *Booker v. Koonce*, 2 F.3d 114, 116(5th Cir. 1993), citing *Monell v. New York City Dep't of Soc. Servs*, 436 U.S. 658 (1978). Therefore, this Motion will be denied.

Edwards's second Motion seeks documents relating to certain of his Rules Violations Reports. In that Motion, Edwards has listed several RVR's that he claims to have received, from December, 1999, to February, 2005. Apparently, he believes the incidents reflected in these reports support his claim that he should be in protective custody. Because the scope of discovery is broad, the court cannot say that they would have no relevance to his claims, and this Motion will be granted.

IT IS, THEREFORE, that THE Motion to Amend New Defendants to the Complaint is hereby **denied**. The Motion for RVR's Documents is hereby **granted**, and the Defendants shall produce the requested documents to the Plaintiff on or before May 22, 2006.

IT IS SO ORDERED, this the 11th day of April, 2006.

                                                                                   S/James C. Sumner
                                                UNITED STATES MAGISTRATE JUDGE